UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVONE LAMAR BROWN,<br><br>                Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>                Respondent. | Case No. CV 17-02181-DMG (KES)<br><br>ORDER DISMISSING PETITION AS SUCCESSIVE |

On March 21, 2017, Javone Lamar Brown ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner also consented to having a United States Magistrate Judge conduct all proceedings in this case. (Dkt. 2.) The Petition is the second habeas corpus petition that Petitioner has filed in this Court stemming from his 2010 state court conviction and sentence in Los Angeles County Superior Court case no. TA112805. See Brown v. Grounds, 2:14-cv-08936-DMG-KES.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States district Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the

1

reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

## I.
## BACKGROUND

### A. State Court Proceedings[1]

On November 12, 2010, Petitioner was convicted by a Los Angeles County Superior Court jury of two counts of murder with gun and gang enhancements.[2] (Dkt. 1 at 2.) Petitioner was sentenced to imprisonment for life without the possibility of parole. (Id.)

Petitioner appealed, arguing insufficiency of the evidence, vindictive prosecution, prosecutorial misconduct, trial court errors regarding the admission of certain evidence and improper comments during voir dire, and various sentencing errors, among other claims. People v. Miller, case no. B232167, 2014 WL 495806, at *7 (Cal. App. 2d, Feb. 7, 2014) (unpublished). On February 7, 2014, the California Court of Appeal denied these claims and affirmed Petitioner's conviction, but modified certain sentencing errors. (Id., at *39.) Petitioner then filed a petition for review in the California Supreme Court, which was denied without comment or citation to authority on May 21, 2014. People v. Miller, case no.

---

[1] The Court takes judicial notice of the California Appellate Court's website. Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located (including on the internet)").

[2] The jury also convicted Petitioner's two co-defendants, Herbert Charles Miller and Jeffrey McLeod, of the same offenses. (See 2:14-cv-08936-DMG-KES, Dkt. 30 at 5 n.1 [Report and Recommendation].) Throughout the successive Petition before the Court, Petitioner indicates that the new evidence he seeks to present would also serve to overturn Jeffrey McLeod's conviction and sentence. This Petition only pertains to Petitioner Brown. If Jeffrey McLeod wishes to challenge his conviction on the grounds alleged in the instant Petition, he must file his own request for authorization to the Ninth Circuit.

2

S217118.

As relevant here, Petitioner filed a state habeas petition in the California Court of Appeal on December 16, 2016, claiming that he had obtained new evidence demonstrating his actual innocence. (Dkt. 1 at 4, 27-28.) Petitioner alleged therein that the primary prosecution witness at trial, Deshawn Hayes, had recanted his testimony, casting significant doubt on his conviction. (Id. at 27-28.). On December 30, 2016, the Court of Appeal found that the recantation is not "new evidence," because Petitioner could have raised this claim as early as October 2015. In re Javone Lamar Brown, Case. No. B279542 (2016). Petitioner then raised the same claim in a habeas petition to the California Supreme Court on January 13, 2017. (Dkt. 1 at 3.) On March 1, 2017, the California Supreme Court denied Petitioner's habeas petition without comment or citation to authority. (Dkt. 1 at 25.)

## B. Prior Federal Habeas Petitions[3]

On November 19, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2244 ("First Petition"), which was assigned case no. 2:14-cv-08936-DMG-KES. The First Petition challenged Petitioner's convictions in Los Angeles County Superior Court, case no. TA112805. The First Petition raised twelve claims arguing insufficiency of the evidence, vindictive prosecution, prosecutorial misconduct, trial court errors regarding the admission of certain evidence and improper comments during voir dire, and various sentencing errors, among other claims. (See 2:14-cv-08936-DMG-KES, Dkt. 30 at 17-19.)

On September 4, 2015, the Magistrate Judge assigned to the case issued a Report and Recommendation recommending that the First Petition be dismissed. (Id. at Dkt. 30.) On September 28, 2015, Petitioner filed objections. (Id. at Dkt. 32.)

---

[3] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

On June 8, 2016, the Court adopted the Report and Recommendation and dismissed the First Petition with prejudice. (Id. at Dkt. 37.) The Court also declined to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). (Id., at Dkt. 39.)

## II.
## DISCUSSION

The instant Petition raises an actual innocence claim based on new evidence. Petitioner offers evidence that Deshawn Hayes, a prosecution witness who testified at trial that Petitioner's co-defendant, Jeffrey McLeod, told him that McLeod and Petitioner robbed and killed the victims, has recanted his testimony. (Dkt. 1 at 12.) Petitioner attaches as exhibits a declaration from Deshawn Hayes in which he recants his testimony, and a declaration from private investigator Randy Candias detailing how Hayes's declaration was obtained. (Dkt. 1 at 30-35.) Petitioner contends that this new evidence supports his actual innocence claim, and is sufficient to overturn his conviction and sentence, or at a minimum entitles Petitioner to an evidentiary hearing on the matter. (Dkt. 1 at 17, 18.)

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

1
2
3
4
5

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

6
7
8
9

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

10 28 U.S.C. § 2244(b) (emphasis added).

11     The Petition now pending constitutes a second and/or successive petition
12 challenging the same conviction as Petitioner's prior habeas petition, within the
13 meaning of 28 U.S.C. § 2244(b). Petitioner's contention that he is actually innocent
14 of the crimes for which he was convicted does not exempt him from the procedural
15 requirements for second or successive petitions, including the statutory obligation
16 to obtain Ninth Circuit authorization to file a second or successive petition. See
17 Williams v. Thaler, 602 F.3d 291, 305 (5th Cir. 2010) (district court lacked
18 jurisdiction to consider actual innocence claim in second or successive petition in
19 the absence of circuit court authorization); Williams v. Schultz, 393 F. App'x 938,
20 940 (3d Cir. 2010) (inmate seeking to file second or successive motion asserting
21 claim of actual innocence must obtain circuit court authorization); Spencer v.
22 Valenzuela, 2014 WL 3362865, at *2 (C.D. Cal. July 8, 2014) (same) (collecting
23 cases).

24     Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an
25 order from the Ninth Circuit authorizing the District Court to consider his new
26 claims prior to the filing of the instant Petition. Petitioner's failure to secure an
27 order from the Ninth Circuit deprives this Court of subject matter jurisdiction.
28 Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S.

984 (2003).

    IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 24, 2017

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE